**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RACHEL ZIEGLER, individually and as
Guardian Ad Litem for her minor children,
SAR and STR,

        Plaintiff - Appellant,

  v.

COUNTY OF RIVERSIDE; et al.,

        Defendants - Appellees,

  and

CARY BINGHAM; et al.,

        Defendants.

No. 09-56321

D.C. No. 2:07-cv-08190-ODW-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted October 8, 2010[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Plaintiff-Appellant Rachel Ziegler ("Ziegler"), individually and as Guardian Ad Litem for her nine-year-old daughter ("SAR"), appeals from a district court grant of summary judgment for Defendants-Appellees on the basis of qualified immunity. Ziegler filed suit against social workers Thomas Hall ("Hall") and Blanca Alonso Hall ("Alonso"), and Riverside County pursuant to 42 U.S.C § 1983 claiming that they violated Ziegler's and SAR's Fourteenth Amendment right to familial association and SAR's Fourth Amendment right to be free from unreasonable seizures of her person when they removed SAR from Ziegler's custody at a hospital without a warrant. Ziegler also sued under various state tort laws.

The district court granted Hall and Alonso's motion for summary judgment on qualified immunity grounds and denied Ziegler's motion for summary judgment on the ground that her constitutional rights were not violated, dismissing her other state and federal claims. We have jurisdiction under 28 U.S.C. §§ 1291 and 1292. We reverse in part, affirm in part and remand for proceedings consistent with this disposition.

To determine whether a defendant is entitled to qualified immunity, courts apply a two-pronged inquiry: (1) whether the defendants' actions violated a constitutional right; and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The court may address these two prongs in any order "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

When evaluating constitutional violations under the Fourth and Fourteenth Amendments for the removal of children, the same standard applies: "Officials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). "Summary judgment in favor of the defendants is improper unless, viewing the evidence in the light most favorable to the plaintiffs, it is clear that no reasonable jury could conclude that the plaintiff's constitutional rights were violated." *Id.*

Construing the facts in the light most favorable to the plaintiff, we conclude that there are disputed issues of material fact appropriate for a jury. A reasonable

jury could find that (1) where hospital staff reported no evidence of abuse or neglect and Ziegler said she had a place to stay for the night, the social workers did not have reasonable cause to conclude that SAR was in imminent danger of serious bodily injury; or (2) the social workers should have taken less intrusive actions, short of removing SAR from her mother's custody, if they felt SAR needed to be kept safe until a warrant could be obtained. In contrast, a reasonable jury could find that Hall and Alonso's actions were reasonable based on their perceptions regarding Ziegler's mental status and the alleged role reversal between mother and child. Thus, there are disputed issues of material fact as to whether Ziegler and SAR's constitutional rights were violated. Therefore, the grant of summary judgment for social workers Hall and Alonso was improper, and the denial of summary judgment for Ziegler was appropriate.[1]

## II.

For the foregoing reasons, we **AFFIRM** the denial of summary judgment to plaintiff, Ziegler. We **REVERSE** the district court's grant of summary judgment in favor of social workers Hall and Alonso, and **REMAND** for proceedings consistent with this disposition.

---

[1] The district court granted summary judgment only on the basis of the first prong of the Saucier analysis. We, too, decline to proceed to the second prong, and do not decide whether the rights at issue were clearly established.

4

Each party shall bear its own costs on appeal.